# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CARLOS ENRIQUE LEHDER RIVAS** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| v. | ) | **Civil Action No. 1:07-CV-01733** |
| | ) | **(RWR)** |
| **HARLEY G. LAPPIN, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## GOVERNMENT'S MOTION TO TRANSFER
## PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS
## AND COMPLAINT FOR INJUNCTIVE, DECLARATORY, AND OTHER RELIEF

Respondents, by and through their attorney, the United States Attorney for the District of Columbia, hereby file their motion to transfer petitioner's *pro se* petition for writ of habeas corpus and complaint for injunctive, declaratory, and other relief to the United States Court of Appeals for the Eleventh Circuit so that the Court of Appeals may determine whether to authorize the filing of petitioner's petition, because this petition is, in substance, a successive motion to vacate, set aside, or correct his sentence, filed pursuant to 28 U.S.C. § 2255.

## PROCEDURAL HISTORY

On September 18, 1981, petitioner and others were indicted in an eleven-count indictment alleging conspiracy to import cocaine and conspiracy in a continuing criminal enterprise to import and possess cocaine with the intent to distribute it. On February 4, 1987, petitioner was arrested in Columbia and extradited to Florida. On May 13, 1988, after a seven month trial, petitioner was found guilty on all eleven counts by a jury in U.S. District Court for the Middle District of Florida. On July 20, 1988, petitioner was sentenced to life imprisonment on count eleven to be served consecutively with 120 years on the remaining ten counts. Petitioner noted an appeal as to his

convictions and sentence and, on March 25, 1992, both were affirmed. *See United States v. Lehder-Rivas*, 955 F.2d 1510 (11th Cir.), *cert. denied,* 506 U.S. 924 (1992). That same year, petitioner filed a motion for reduction of his sentence pursuant to Fed. R. Crim. P. 35.  Thereafter in 1993, petitioner filed a motion to compel performance of a cooperation agreement he had entered into with the U.S. Attorney's Office in the Middle and Southern Districts of Florida.  In January 1994, the district court granted his motion to reduce his sentence by reducing  his sentence to fifty-five years while denying his motion to compel performance of the cooperation agreement.  Petitioner later filed his first 28 U.S.C. § 2255 motion, which was denied on November 17, 1995.  *See Exhibit A.*  Thereafter, on March 28, 1997,  petitioner filed his second § 2255 motion, which was later granted in part and denied in part on January 29, 1999.  *See Exhibits A and B.*  On November 24, 1999, petitioner filed his third § 2255 motion in this case and, in December 1999, requested an evidentiary hearing on the motion.  *See Exhibits A and C.*  On January 14, 2000, petitioner's third § 2255 motion was dismissed without prejudice to seek authorization from the Eleventh Circuit, and his request for an evidentiary hearing was denied as moot.  *See Exhibit A.*  Petitioner later applied to Court of Appeals for the Eleventh Circuit for leave to file a second or successive § 2255 motion.  The Court of Appeals denied this request on March 28, 2000.  *See Exhibit D.*

## ARGUMENT

Although petitioner has styled his claim for relief as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, the instant petition is, in effect, a successive motion under 28 U.S.C. § 2255.  It is well settled that courts must ignore the legal label that a *pro se* litigant attaches to a motion and determine the proper characterization of the motion based on the nature of the relief sought.  *See Castro v. United States*, 540 U.S. 375, 382 (2003); *Haines v. Kerner*, 404 U.S. 519, 520

(1972); *Andrews v. United States*, 373 U.S. 334, 338 (1963) ("adjudication upon the underlying merits of claims is not hampered by reliance upon the titles petitioners put upon their documents") (internal quotation marks and citations omitted).

Therefore, a motion functionally equivalent to a § 2255 motion to vacate, set aside, or correct a sentence must be construed as such, when appropriate, regardless of the caption on the pleading. *See United States v. Palmer*, 296 F.3d 1135, 1145 (D.C. Cir.2002) (acknowledging that the district court had authority to re-characterize a motion for a new trial as a motion under § 2255); *see also In re: Pasha*, No. 02-3035, 2002 U.S. App. LEXIS 12185, at *1-2 (D.C. Cir. June 18, 2002) (district court's re-characterization of a motion pursuant to Fed. R. Civ. P. 60(b) as a motion pursuant to § 2255 was proper); *United States v. Williams*, No. 00-3165, 2001 U.S. App. LEXIS 4015, at *1 (D.C. Cir. Feb. 7, 2001) (same); *Melton v. United States*, 359 F.3d 855, 857 (7th Cir.2004) (a motion "substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover.").[1]

In his petition, petitioner challenges the legality of his sentence, arguing that: his sentence is illegal because: (1) it violates his rights under an extradition treaty between the United States and Columbia; (2) the government breached his cooperation agreement; and (3) it is disproportionate

---

[1] It should be noted that a court may not re-characterize a *pro se* motion as an initial § 2255 motion unless it first ensures that the movant is fully informed of the preclusive effects that a re-characterization will have on a future § 2255 motion and offers the movant an opportunity to withdraw his motion. *See Castro v. United States*, 540 U.S. 375, 376 (2003); *United States v. Palmer*, 296 F.3d 1135, 1146 (D.C. Cir. 2002). However, the *Castro/Palmer* warnings are unnecessary where a court is re-characterizing a *pro se* motion as a second or successive § 2255 motion. *See*, *e.g.*, *United States v. Lloyd*, 398 F.3d 978, 980 (7th Cir. 2005) ("[a] captioning error in a successive collateral proceeding cannot cost the prisoner any legal entitlement, so *Castro's* warn-and-allow-withdrawal approach does not apply"); *Gonzalez v. Sec'y for Dep't of Corrs.*, 366 F.3d 1253, 1277 n. 10 (11th Cir. 2004) (*en banc*) ("[t]he *Castro* decision does not extend beyond initial filings"), *aff'd on other grounds sub nom.*, *Gonzalez v. Crosby*, 545 U.S. 524 (2005).

compared to the sentences received by his co-defendants.  Because petitioner is making a collateral

attack on an imposed federal sentence, the proper avenue of relief is § 2255.  *See*, *e.g.*, *Smith v.*

*United States*, 270 F.2d 921, 924 (D.C. Cir. 1959) (§ 2255 motion broadly covers all situations

where a sentence is open to collateral attack); *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) ("A

[Section] 2255 motion . . . provides the primary means of collateral attack on a federal sentence . .

. [and] is warranted for errors . . . that occurred at or prior to sentencing.") (internal quotation marks

and citation omitted); *Baylor v. United States*, 314 F. Supp. 2d 47, 50 (D.D.C. 2004) ("a challenge

to an imposed federal sentence falls under section 2255"); *Pradelski v. Hawk-Sawyer*, 36 F. Supp.

2d 1 (D.D.C. 1999) ("The general rule [is] that a federal prisoner, who attacks the legality of his

sentence or conviction, must first file a motion pursuant to § 2255").[2]

Petitioner's attempt to frame his claim as a petition under the federal habeas statute, 28 U.S.

C. § 2241, is misguided.  Section 2241 provides a vehicle to attack "the execution of a sentence

rather than its validity."  *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  *See also Jiminian*

*v. Nash*, 245 F.3d 144 (2d Cir.2001) ("[a] motion pursuant to § 2241 generally challenges the

execution of a federal prisoner's sentence"); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir.2001) (§

2241motion appropriate for "a federal prisoner who is challenging not the validity but the execution

of his sentence"); *Perkins v. Henderson*, 881 F. Supp. 55, 59 n.4 (D.D.C. 1995) ("It is well settled

---

[2] Title 28 U.S.C. § 2255 provides in part:

A prisoner in custody under sentence of a court established by Act of Congress
claiming the right to be released upon the ground that the sentence was imposed in
violation of the Constitution or law of the United States, or that the court was without
jurisdiction to impose such sentence, or that the sentence was in excess of the
maximum authorized by law, or is otherwise subject to collateral attack, may move
the court which imposed the sentence to vacate, set aside or correct the sentence.

in this jurisdiction and elsewhere that ... an attack on the execution [of a sentence] may be accomplished only by way of habeas corpus in the district of confinement.") (internal quotations omitted).[3]  Plainly, § 2241 does not provide the relief requested by petitioner.

Petitioner also relies on 28 U.S.C. § 1361[4] and the All Writs Act, 28 U.S.C. § 1651,[5] as statutory authority for the relief he seeks.  However, neither statute is of any avail to petitioner. Mandamus relief  under § 1361 is as "drastic" remedy, "to be invoked only in extraordinary circumstances." *Allied Chem. Corp. v. Daiflon Inc.*, 449 U.S. 33, 34 (1980).  Absent some showing by petitioner that a § 2255 motion is unavailable or inefficacious, "it is clear beyond reasonable dispute that mandamus will not appropriately lie." *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 806 (D.C. Cir.1988) (*en banc*).  Similarly, relief under § 1651, is an "extraordinary remedy that may be invoked only if the statutorily prescribed remedy" is "clearly inadequate." *In re GTE Service Corp.*,

---

[3] A § 2241 petition attacking custody resulting from a federally imposed sentence may only be entertained if the petitioner establishes that the remedy provided  under § 2255 is inadequate or ineffective.  *See* 28 U.S.C. § 2255 ¶ 5; *In re Smith*, 285 F.3d 6,8 (D.C. Cir. 2002).  "The fact that a petitioner's motion has been denied does not make the remedy either inadequate or ineffective." *Lyons v. Fed. Bureau of Prisons*, 2005 WL 3211417 (D.C. Cir. Nov. 14, 2005).  *See also McGhee v. Hanberry*, 604 F.2d 9, 10-11 (5th Cir.1979) (holding that a prior unsuccessful § 2255 motion is insufficient on its own to establish the ineffectiveness of § 2255 remedies).  The burden of showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the petitioner.  *McGhee*, 604 F.2d at 10.  Because the § 2255 remedy is not inadequate or ineffective to test the legality of petitioner's confinement in this case, petitioner must seek relief under § 2255.

[4] Title 28 U.S.C. § 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

[5] The All Writs Act states that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).

762 F.2d 1024, 1027 (D.C. Cir.1985).   Because petitioner has not, and indeed cannot, demonstrate

that the relief prescribed by § 2255 is inadequate, he cannot invoke § 1361 or § 1651 in this case.

Accordingly, this Court should ignore the labels petitioner attached to his petition and properly treat

the instant petition, which solely challenges the legality of his sentence, as a motion to vacate, set

aside, or correct his sentence, filed pursuant to 28 U.S.C. § 2255.

Moreover, because this is not petitioner's first § 2255 motion, his petition must be transferred

to the Eleventh Circuit Court of Appeals, rather than to the district court that sentenced him.   Under

Section 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), before filing a second or successive § 2255 motion a prisoner must first obtain a

certification from the appropriate court of appeals.   *See* 28 U.S.C. § 2255 ¶ 8.[6]   Absent such

certification, a district court lacks jurisdiction to entertain a second or successive § 2255 motion.

*See*, *e.g*., *United States v. Lawrence*, No. 97-3164, 1998 WL 203115, at *1 (D.C. Cir. Apr.15, 1998);

*United States v. Levi*, 1997 WL 529069 at *1 (D.C. Cir. 1997); *Fugate v. Dep' of Corrs*., 301 F.3d

1287, 1288 (11th Cir. 2002) (failure to request the requisite authorization to file a second or

successive § 2255 motion deprives the district court of jurisdiction); *United States v. Allen*, 157 F.3d

661, 664 (9th Cir. 1998) (same), *Nelson v. United States*, 115 F.3d 136 (2d Cir. 1997) ("to the extent

the district court dealt with the [successive] 2255 motion on its merits, the judgment of that court

... is vacated for lack of jurisdiction in that court to entertain the motion").

---

[6] Petitioner must establish (1) newly discovered evidence that, if proven and viewed in the light of evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense, *see* 28 U.S.C. § 2255 ¶ 8(1); or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.   *See* 28 U.S.C. § 2255 ¶ 8(2).

A district court should, therefore, transfer a second or successive § 2255 motion, pursuant to 28 U.S.C. 1631, to the appropriate court of appeals for certification.[7] *See*, *e.g.*, *Coleman v. United States*, 106 F.3d 339, 340-341 (10th Cir. 1997) (district court should transfer motion, in interest of justice, pursuant to 28 U.S.C. § 1631, to appropriate court of appeals for certification); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (same); *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996) (same). Accordingly, because petitioner's petition is properly viewed as a successive § 2255 motion and because petitioner was sentenced by the U.S. District Court for the Middle District of Florida, petitioner's habeas petition should be transferred to the Eleventh Circuit Court of Appeals so that the Court of Appeals may determine whether to authorize the filing of this pleading in the U.S. District Court for the Middle District of Florida.

---

[7] Title 28 U.S.C. § 1631 provides that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ... and the action ... shall proceed as if it had been filed in ... the court to which it was transferred on the date upon which it was actually filed in ... the court from which it was transferred."

**CONCLUSION**

For the foregoing reasons, the government respectfully requests that petitioner's petition be transferred to the U.S. Court of Appeals for the Eleventh Circuit pursuant to 28 U.S.C. § 1631.

A proposed order is attached.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

_____/s/_____
ROBERT D. OKUN, D.C. Bar No. 457-078
Chief, Special Proceedings Division

_____/s/_____
Timothy W. Lucas
Assistant United States Attorney
555 4th Street, N.W.,  Room 10-443
Washington, DC 20530
(202) 305-1845
 Email: timothy.w.lucas@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing motion has been served via U.S. mail upon petitioner, Carlos Enrique Lehder Rivas, Fed. Reg. # 06461-018, 320 First Street, N.W, Room 524 IMS, Washington, D.C.  20534, on this the 11th day of December 2007.

_____/s/_____
Timothy W. Lucas
Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CARLOS ENRIQUE LEHDER RIVAS** ) | |
| ) | |
| **Petitioner,** ) | |
| **v.** ) | **Civil Action No. 1:07-CV-01733** |
| ) | **(RWR)** |
| **HARLEY G. LAPPIN, et al.,** ) | |
| ) | |
| **Respondents.** ) | |
| _____ ) | |

**ORDER**

Upon consideration of the Government's Motion To Transfer Petitioner's Petition For Writ

Of Habeas Corpus And Complaint For Injunctive, Declaratory, And Other Relief, and it appearing

that Petitioner's petition is, in substance, a successive motion for relief under 28 U.S.C. § 2255, and

therefore subject to the certification provisions of § 2255,  it is hereby

**ORDERED:**

That Petitioner's petition be transferred, pursuant to 28 U.S.C. §§ 1631 and 2255, to the U.S.

Court of Appeals for the Eleventh Circuit so that the Court of Appeals may determine whether to

authorize the filing of Petitioner's petition/motion.


_____
Richard W. Roberts
United States District Judge

Date: _____

cc:

Carlos Enrique Lehder Rivas                    Timothy W. Lucas
Fed. Reg. #06461-018                             Assistant U.S. Attorney
320 First Street, N.W., Room 524 IMS         555 4th Street, N.W. Room 10-443
Washington, D.C. 20534                          Washington, D.C.  20530

9

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**CARLOS ENRIQUE LEHDER RIVAS**    )
    )
        **Petitioner,**    )
    v.    )    **Civil Action No. 1:07-CV-01733**
    )    **(RWR)**
**HARLEY G. LAPPIN, et al.,**    )
    )
        **Respondents.**    )
    )

## ORDER

Upon consideration of the Government's Motion To Transfer Petitioner's Petition For

Writ Of Habeas Corpus And Complaint For Injunctive, Declaratory, And Other Relief, and it

appearing that Petitioner's petition is, in substance, a successive motion for relief under 28

U.S.C. § 2255, and therefore subject to the certification provisions of § 2255, it is hereby

**ORDERED:**

That Petitioner's petition be transferred, pursuant to 28 U.S.C. §§ 1631 and 2255, to the

U.S. Court of Appeals for the Eleventh Circuit so that the Court of Appeals may determine

whether to authorize the filing of Petitioner's petition/motion.


    Richard W. Roberts
    United States District Judge

Date: _____

cc:

Carlos Enrique Lehder Rivas
Fed. Reg. #06461-018
320 First Street, N.W., Room 524 IMS
Washington, D.C. 20534

Timothy W. Lucas
Assistant U.S. Attorney
555 4th Street, N.W. Room 10-443
Washington, D.C. 20530

9

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION



FILED

00 JAN 14 PM 2:42

CLERK
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE FLORIDA

UNITED STATES OF AMERICA,

vs.                                    Case No. 3:81-cr-82-J-20
                                              3:99-cv-1166-J-20

CARLOS ENRIQUE LEHDER-RIVAS,

-----------------------

### ORDER OF DISMISSAL WITHOUT PREJUDICE

This cause is before the Court on Petitioner's third motion
for post-conviction relief pursuant to 28 U.S.C. § 2255 (Doc.
#1428).   The Court, in an Order filed November 17, 1995 (Doc.
#1382), denied his first motion for post conviction relief pursuant
to 28 U.S.C. § 2255 (Doc. S-62).   Petitioner filed a second motion
pursuant to 28 U.S.C. § 2255 (Doc. #1386), and it was granted in
part and denied in part by the Court's Order (Doc. #1417) filed
January 29, 1999.   By Order (Doc. #1427), the Court denied
Petitioner's Motion for Certificate of Appealability, and the
Eleventh Circuit denied a motion for certificate of appealability
as well.   (Doc. #1429).

Under 28 U.S.C. § 2255, as amended by the Antiterrorism and
Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat.
1214 (1996), a federal prisoner is permitted to file a second or
successive post-conviction motion "in only the narrowest of

5

" EXHIBIT A "

circumstances." <u>Wofford v. Scott</u>, 177 F.3d 1236, 1237 (11th Cir. 1999). It is clear:

> Under the recently amended statutes, federal prisoners who want to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion. <u>See</u> 28 U.S.C. § 2244(b)(3)(A). A three-judge panel of the court of appeals, § 2244(b)(3)(B), may authorize the filing of a second or successive motion only if it determines that the motion contains claims which rely on either:
>
> > (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;
> >
> > or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

<u>In re Blackshire</u>, 98 F.3d 1293 (11th Cir. 1996) (per curiam).

Before a second or successive habeas corpus application is filed in this Court, Petitioner shall move in the United States Court of Appeals for the Eleventh Circuit for an order authorizing the district court to consider the application. <u>See See</u> 28 U.S.C. § 2244(b)(3)(A). Petitioner's first § 2255 motion was denied, and his second § 2255 motion was denied in part. For this reason, this case will be dismissed without prejudice to allow Petitioner the

opportunity to seek authorization from the Eleventh Circuit.  The Court notes, however, that the dismissal without prejudice does not excuse Petitioner from the one year period of limitation for raising a habeas corpus petition in the federal courts.  See 28 U.S.C. § 2255.

Therefore, it is now

ORDERED AND ADJUDGED:

1.  This case is DISMISSED without prejudice.

2.  Petitioner's December 20, 1999, Motion for an Evidentiary Hearing Pursuant to Motion Under 28 U.S.C. § 2255 to Vacate Sentence by a Person in Federal Custody (Doc. #1430) is DENIED AS MOOT.

3.  Petitioner's January 6, 2000, Notice of Amendment to Petitioner's 2255 Motion to Vacate (Doc. #1433) is STRICKEN AS MOOT.

4.  The Clerk of the Court shall enter judgment accordingly and close this case.

DONE AND ORDERED at Jacksonville, Florida, this _14_ day of January, 2000.

_____
UNITED STATES DISTRICT JUDGE

sa 1/14
c:
Carlos Enrique Lehder-Rivas
AUSA (Jennings)

3

CERTIFIED A TRUE COPY.
SHERYL L. LOESCH, CLERK
U. S. DISTRICT COURT
By: _____
Deputy Clerk

AO 450 (Rev. 5/85) Judgment in a Civil Case

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

*FILED*

*00 JAN 19 PM 3:17*

*CLERK US DISTRICT COURT*
*MIDDLE DISTRICT OF FLORIDA*
*JACKSONVILLE, FLORIDA*

**JUDGMENT IN A CIVIL CASE**

CARLOS ENRIQUE LEHDER-RIVAS,

     Petitioner,

v.                             Case No. 3:99-cv-1166-J-20

UNITED STATES OF AMERICA,

     Respondent.

_____/

____ **Jury Verdict**. This action came before the court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

__X__ **Decision by Court**. This action came to trial or hearing before the court. The issues have been tried or heard and a decision has been rendered.

     **IT IS ORDERED AND ADJUDGED** that pursuant to the Court's Order entered January 14, 2000, this case is dismissed without prejudice.

Date: January 19, 2000

                               Sheryl L. Loesch_____
                               Clerk

                               *Elke Ward*
                               (By) Deputy Clerk

Copy to:
Counsel of Record
Pro Se Parties (if any)

CLOSED

# U.S. District Court
## Middle District of Florida (Jacksonville)
## CIVIL DOCKET FOR CASE #: 3:97-cv-00306-WTH

Lehder-Rivas v. USA
Assigned to: Senior Judge Wm. Terrell Hodges
Demand: $0
Case in other court: Criminal Division, 81-00082-CR-J-12
Cause: 28:2255 Motion to Vacate Sentence

Date Filed: 03/28/1997
Date Terminated: 03/10/2000
Jury Demand: None
Nature of Suit: 510 Prisoner: Vacate
Sentence
Jurisdiction: U.S. Government
Defendant

**Petitioner**

**Carlos Enrique Lehder-Rivas**
*#06461-018*

represented by    **Carlos Enrique Lehder-Rivas**
#06461-018
P.O. Box 379
Fairton, NJ 08320
PRO SE

V.

**Respondent**

**United States of America**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/28/1997 | 1 | MOTION by Carlos Enrique Lehder-Rivas to vacate under 28 U.S.C. 2255. Criminal Case #81-82-CR-J-12. "US Attorney notified" (evs) (Entered: 04/02/1997) |
| 04/08/1997 | 2 | NOTICE of designation under Local Rule 3.05 - TRACK 1. (ctc) (jsf) (Entered: 04/08/1997) |
| 04/21/1997 | 3 | CERTIFICATE OF SERVICE of [2-1] track 1 notice by Carlos Enrique Lehder-Rivas (jsf) (Entered: 04/22/1997) |
| 01/29/1999 | 4 | ORDER granting in part, denying in part [1-1] motion to vacate under 28 U.S.C. 2255. Criminal Case #81-82-CR-J-12; granted to the extent that his conviction and sentence on Count 1 are vacated and denied in all other respects; all other portions of the defendant's sentence remain in full force and effect ( Signed by Sr. Judge Howell W. Melton ) ctc MFR Number 142/113-119 (sms) Modified on 06/04/2001 (Entered: 02/01/1999) |
| | | |

" *EXHIBIT B* "
12/6/2007

| 09/07/1999 | | RECEIPT acknowledged as to original file on 8/31/99 (kwm) (Entered: 09/08/1999) |
| 12/14/1999 | | ORIGINAL FILE returned from USCA (1 vol. pleadings) (kwm) (Entered: 12/14/1999) |
| 03/10/2000 | | CASE CLOSED. (sms) (Entered: 03/10/2000) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/06/2007 11:38:48 | | |
| **PACER Login:** ux0832 | **Client Code:** | |
| **Description:** Docket Report | **Search Criteria:** | 3:97-cv-00306-WTH |
| **Billable Pages:** 1 | **Cost:** | 0.08 |

2255, CLOSED, JES

# U.S. District Court
## Middle District of Florida (Jacksonville)
### CIVIL DOCKET FOR CASE #: 3:99-cv-01166-HES

Lehder v. USA
Assigned to: Judge Harvey E. Schlesinger
Demand: $0
Case in other court: Criminal Division, 81-00082-Cr-J-12
Cause: 28:2255 Motion to Vacate Sentence

Date Filed: 11/24/1999
Date Terminated: 01/18/2000
Jury Demand: None
Nature of Suit: 510 Prisoner: Vacate Sentence
Jurisdiction: U.S. Government Defendant

**Petitioner**

**Carlos Enrique Lehder**

represented by **Carlos Enrique Lehder**
#06461-018
FCI, Sandstone
P.O. Box 888
Sandstone, MN 55072
PRO SE

V.

**Respondent**

**USA**

| Date Filed | # | Docket Text |
|---|---|---|
| 11/24/1999 | | MAGISTRATE JUDGE CASE ASSIGNMENT Magistrate assigned: John E. Steele (ls) (Entered: 11/26/1999) |
| 11/24/1999 | 1 | MOTION, with memorandum in support, by Carlos Enrique Lehder to vacate under 28 U.S.C. 2255 (Criminal Case #81-82-Cr-J-12) See criminal case for all proceedings, U.S. Attorney notified. (ls) (Entered: 11/26/1999) |
| 12/15/1999 | 2 | NOTICE of designation under Local Rule 3.05 - TRACK 1. (ctc) (mfk) (Entered: 12/15/1999) |
| 01/11/2000 | 3 | ORDER OF RECUSAL ( signed by Sr. Judge Howell W. Melton ) ctc (ejw) (Entered: 01/12/2000) |
| 01/12/2000 | 4 | NOTICE OF CASE REASSIGNMENT to the Honorable Judge Harvey E. Schlesinger . Notice to Counsel. (ejw) (Entered: 01/12/2000) |
| 01/14/2000 | 5 | ORDER dismissing without prejudice [1-1] motion to vacate under 28 |

`` Exhibit C ''
12/6/2007

| | | |
|---|---|---|
| | | U.S.C. 2255 (Criminal Case #81-82-Cr-J-12); Clerk shall enter judgment and close the case. ( Signed by Judge Harvey E. Schlesinger ) ctc (ejw) Modified on 01/18/2000 (Entered: 01/18/2000) |
| 01/18/2000 | | CASE CLOSED. (ejw) (Entered: 01/19/2000) |
| 01/19/2000 | 6 | JUDGMENT dismissing the case without prejudice. Civil Appeals Checklist Mailed. (signed by deputy clerk) ctc (ejw) (Entered: 01/19/2000) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/06/2007 11:45:54 | | |
| **PACER Login:** ux0832 | **Client Code:** | |
| **Description:** Docket Report | **Search Criteria:** | 3:99-cv-01166-HES |
| **Billable Pages:** 1 | **Cost:** | 0.08 |

RECEIVED

# IN THE UNITED STATES COURT OF APPEALS

00 APR -5 PM 1:47          FOR THE ELEVENTH CIRCUIT

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

NO. 00-11299-H

MAR 28 2000

THOMAS K. KAHN
CLERK

IN RE: CARLOS E. LEHDER,

Petitioner.  3:00-MC-44.J

2000 MAR 31  AM 11:34

Application for Leave to File a Second or
Successive Motion to Vacate, Set Aside, or
Correct Sentence, 28 U.S.C. § 2255, 2244(b)(3)(A)

Before  **TJOFLAT, DUBINA, AND BARKETT, Circuit Judges.**

BY THE PANEL:

Pursuant to 28 U.S.C. §§ 2255 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Carlos Lehder (petitioner) has filed

an application seeking an order authorizing the district court to consider a second or successive

motion to vacate, set aside, or correct his federal sentence, 28 U.S.C. § 2255.  Such authorization

may be granted only if this Court certifies that the proposed motion contains:

> (1) newly discovered evidence that, if proven and viewed in
> the light of the evidence as a whole, would be sufficient to establish by
> clear and convincing evidence that no reasonable factfinder would
> have found the movant guilty of the offense; or

\

" EXHIBIT D "

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Because the petitioner has failed to make a <u>prima facie</u> showing of the existence of either of these two grounds, his application for leave to file a second or successive petition is hereby DENIED.

2

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia