IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
APR 2 3 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CARLOS ENRIQUE LEHDER RIVAS
    Petitioner

Vs.

HARLEY G. LAPPIN et al.
    Respondents.

Case No: 1:07 -cv- 01733 (RWR)

§ 2241 Writ Of Habeas Corpus.

MOTION TO AMEND MOTION OPPOSING RESPONDENTS. SUPPLEMENTAL MEMORANDUM.

---

### SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION OPPOSING RESPONDENT'S MOTION TO TRANSFER PETITION.

The petitioner Carlos E. Lehder, hereby supplements his prior MOTION IN RESPONSE, OPPOSING RESPONDENTS' MOTION TO TRANSFER PETITION TO THE ELEVENTH CIRCUIT, and further moves this Honorable Court to deny Respondent's motion to transfer Petitioner's writ of habeas corpus to the Eleventh Circuit Court of Appeals and pleads to the Court to accept jurisdiction and to grant Writ.

1. To the date of filing the herein Supplemental Memorandum, the U.S. District Court for the District Of Columbia, has not ruled yet on Petitioner's MOTION IN RESPONSE, currently in front of the Court, nor on the Petition for a Writ.

2. Petitioner is presenting **new case law** only reacently available in support of his Motion Opposing Respondent's Motion to transfer Petition. case law is of **2007**.

3. The Respondent's (Government) position has been firmly that the Court shall transfer Petitioner's Writ of habeas Corpus, § 2241, to the Eleventh Circuit Court Of Appeals, Respondents consider his § 2241, to be a § 2255 Motion.

( 1 )

NEW DEC. 2007 CASE LAW, <u>COLLINS Vs. HOLINKA 510 F.3d 667 (7th Cir)</u>

<u>4</u>. Background: Federal Prisoner filed Petition for a writ of habeas corpus.

The District Court for the Western District Of Wisconsing, dismissed the Petition and the prisoner appealed. <u>Holding</u>: The Court of appeals held that the Petition was not properly treated and dismissed as an dismissed as an unauthorized second or successive motion to vacate. VACATED AND REMANDED.

The Court of Appeals states quote :

<u>5.</u>   "Two Assumptions appear to lie behind this ruling:
One is that § 2241 deals only with conditions of confinement and
cannot be used to contest a conviction validity.
That is incorrect; § 2241 by its terms covers any claim for release
by a person who contends that his custody violates the Constitution
or laws of the United States.
Until 1948, when § 2255 was enacted, § 2241 was the normal means of
obtaining collateral review of federal convictions.
Congress did not amend or repeal § 2241 when § 2255 was enacted, though
Paragraph 5 of § 2255 makes that section the exclusive remedy unless
"the remedy by motion is inadecuated or ineffective to test the legality
 of his detention"

[1] This is a genuine proceeding under § 2241. Collins (Defendant) is in
Federal Custody; the action was filed, against his custodian, in the district of custody. **It can not be treated as an action under § 2255**, because
only the District Of Minnesota may entertain such action. Moreover, both
the Supreme Court in FELKER and this Court in several opinions have held
that judges must respect the plaintiff's choice of statute to invoke
whether § 2241, § 2255 or 42 U.S.C. § 1983, and give the action the
treatment appropiate under the law. Please See, e.g. <u>Copus v. Edgerton
96 F 3d 1038 (7th Cir 1996)</u>."

* Felker V. Turpin, 518, US. 651, 116, S. Ct. 2333, 135 L. Ed. 2d. 827 (96).

6.   Petitioner respectfully supplements with reacent case law, Oct, 2007, his claim that the government's promise verbally and in writing, to honor the thirty (30) year sentencing limitation by Treaty, still not fulfilled since the Petitioner remains incarcerated after serving it 30, year statutory sentence in its entirety, Pettitioner is addressing SENTENCING AGREEMENT, page 8, Parr 26. Writ of Habeas Corpus petition.

7.  New supplemented CASE LAW in Support: UNITED STATES V. MOSLEY, Oct 2007.

<u>505 F.3d  804, 8th Circuit 2007.</u> and states, Quote:

> "5. Criminal law: 273.1(2) To the extent there is ambiguity in a plea agreement, the Court will construe it against the Government"

> 8. Criminal Law 1167(5), Government's breach of a plea agreement is not subject to traditional harmless-error analysis.

> [10.] Page 812: Mosley seeks specific performance of plea agreement, so the appropiate procedure is to remand to the district court for resentencing See Santobello. 404 US at 263, 92, S, Court 495.

> For the foregoing reasons, the sentence is vacated. (8th Cir) 2007.

9.  The Petitioner, a foreigner extradited to the United States under a Treaty is been exposed unfortunatedly to several formsof -discriminatory/selective prosecution as much as Respondent's Charles E. Schumer, persecution by interfering with Petitioner's judicial process, as addressed in the Petition for a Writ, Page 16, Parr 49. "CONSPIRACY TO OBSTRUCT JUSTICE, AIDING AND ABETTING GENERAL MANUEL NORIEGA, A FOREIGN PRISONER OF WAR (POW) BY RESPONDENT CHARLES E. SCHUMER"

Firstly, in <u>YEMITAN</u>, the Second Circuit Court of Appeals states :

> "A sentence tainted by racial bias could not be supported on contract principles, since neither party can be deemed to have accepted such risk or be entitled to such result as a benefit of the bargain"

Please See: United States V. Yamitan <u>70 F 3d 746 (2nd Cir 1995)</u>

10. Further more, is <u>BORRERO ISAZA</u>, the 9th Circuit Court of Appeals states:

> "Constitutional Law 270 (2)
> Criminal Law  986. 2(1)    Any enhancement of narcotics defendant's sentence solely because he had arrived in the United States from source country for illegal drugs, i.e. Colombia, unfairly discriminated against defendant based on his national origin in violation of due process rights. U.S.C.A. Const. Amendment. 14.

Please See: United States V. Borrero-Isaza, <u>887 F.2d 1349, (9th Cir 1989)</u>

10. Not Only Respondent Charles E. Schumer, is been sued in his Official and his individual capasity, for Obstructing Petitioner Due Process and all entitlements as a federal Witness for the Government in the NORIEGA case, but also racial discrimination due to origen has been omnipresent. Respondent CH. SCHUMER, as a Congressman, unlawfully interfered in petitioner's Rule 35, process, and the Court States:

NEW DECEMBER 2007, CASE LAW <u>IRONS Vs. CAREY 505 F.3d 846 (9th Cir)</u>

11. Addressing <u>IRONS V. CAREY</u>, 9th Circuit Court Of Appeals, year 2007. Quote:

"Congress does not have the power to determine how a federal Court shall decide a case....." Page 854.

Page 855. "Fundamentally, the Euclidean line of argumentation advanced above is based on a profound misunderstanding of the judicial power and the role of judges, uncontrolled in their reasoning by the legislature, perform to make it work. Legislature exist to make laws. Courts exist to decide cases.

The separation of these functions is part of our democratic system of government. TO ALLOW THE LEGISLATURE TO DECIDE A CASE IS TO DENY THE SEPARATION. TO ALLOW THE LEGISLATURE TO TELL A COURT HOW A CASE SHOULD BE DECIDED IS WORSE. IT ALLOWS THE LEGISLATURE TO MASK ITSELF UNDER JUDICIAL ROBES.
IT PUTS FORWARD AS THE JUDGMENT OF A COURT WHAT IN ACTUALITY IS THE JUDGMENT OF THE LEGISLATURE. IMPERMISSIBLY IT MIXES THE TWO BRANCHES......" e.a.

Page 859.
"Our national experience teaches that the Constitution is preserved best when each part of the Government respects both the Constitution and the proper actions and determinations of the other branches.
When the Court has interpreted the Constitution, it has acted within the province of the Judicial Branch, which embraces the duty to say what the law is. Marbury V. Madison <u>1 Cranch at 177, 2 L.Ed. 60</u>

City Of Boerne V. Florens. <u>521 U.S. 507, 524, 529, 535-36, 117 S. Ct 2157, 138 L Ed. 2d 624, (1997)."</u>

12. Pertaining to GROUND THREE of Petitioner's Writ of habeas Corpus, he claims: Respondent Charles E. Schumer, engaged in a conspiracy to Obstruct Justice, interferring with Petitioner's reduction of sentence process. Using the power of his seat, Congressman CH Schumer, corruptedly persuaded the U.S. Attorney's (Dept Of Justice) in cahrge of Petitioner's freedom process. Respondent Schumer interference caused the GOVERNMENT & COURT to a sentence that will keep the Petitioner incarcerated, until the age of 74, years old. All in violation of US LAWS, the Petitioner's Constitutional, Civil and Due Process rights, and in violation of the EXTRADITION TREATY' subsequent agreement signed between the United States and Colombia. **Please See Habeas Format (Page 5-C)** Petitioner States, Respondent Charles E. Schumer, specificly in Petitioner's Rule 35 Judicial proceeding, violated the separation of powers Act.

**11.**     The Respondents'(Government) MOTION TO TRANSFER PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS, alledges in page 7, "Accordingly, because Petitioner's petition is properly viewed as a successive § 2255 motion and because petitioner was sentenced by the U.S. District Court for the Middle District of Florida, petitioner's habeas petition should be transferred to the Eleventh Circuit Court of Appeals...."    Petitioner Lehder reiterates to the Court that Petitioner's Writ is a §2241 Habeas Corpus and the government' -view- is erroneous, and the Government's motion shall be denied. See <u>Collins Vs. Holinka.</u>

**12.**     **PERSONAL JURISDICTION.** The US District Court for the District Of Columbia, since all Respondents and the Petitioner are to be served and found in such Jurisdiction. Petitioner although incarcerated at an undisclose BoP Witness Program facility, is at driving distance from the US District Court for the District Of Columbia, Washington DC.   Petitioner assures the Court, he is not been incarcerated neither in the State Of Florida, nor the States of Georgia nor Alabama , which is the factual territorial jurisdiction of the Eleventh Circuit Court Of Appeals. Petitioner's only registered serving and mailing address is been for the last 17, years, Carlos E. Lehder # 06461-018, 320 First St. N.W. Room # 524 , Washington DC 20534. USA. The District Of Columbia has total jurisdiction herein.

For all the foregoing reasons, The Petitioner pleads to the Court, for the following relief : A) To accept this MOTION TO AMEND PETITION OF HABEAS CORPUS AS SUPPLEMENT TO PETITIONER's  MARCH 5, MOTION IN RESPONSE OPPOSING RESPONDENT' MOTION TO TRANSFER PETITION..    "SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION"

B)  For the Court to accept jurisdiction of his petition  for a Writ under 2241.

C)  to order the denial of respondents motion to "Transfer Petitioner's Petition to the Eleventh Circuit Court Of Appeals as a 2255 motion."

D)  To grant a hearing before this Court on any contested, factual or legal issues, and production of petitioner Carlos Lehder.

E)   To Order the granting of Petitioner's pending motion for an appointment of Counsel by the Court.

F)   To grant a Writ Of habeas Corpus on Behalf of petitioner Lehder, ordering his immediate release from federal prison, and to grant all other relief on behalf of the Petitioner, and against the Respondents, as the Court deems just and proper, incluiding Ordering the Government to implement its assurance and obligation to place Government witness Carlos E. Lehder, upon judicial release from prison, into the protection and supervision of the United States Marshal's Witness Security Program.

DATE:.April 21, 2008.            Respectfully submitted:

                                 ..................................
                                 Carlos E. Lehder Rivas. #06461-018.

ADDRESS: Carlos E. Lehder
         #06461-018
         320 First St. N.W.
         Room # 524
         Washington DC 20534
         USA.

## CERTIFICATE OF SERVICE

I Hereby certify that a true and complete copy of the foregoing motion

"Supplemental Memorandum In Support of Motion opposing Respondent's Motion to transfer petition."

has been served via certified Mail to the Assistant U.S. Attorney Timothy W. Lucas, 555 4th Street, N.W. Room 10-443- Washington DC 20530, on this date : April 21, 2008.

                    Sincerely submitted:

date : April 21/2008         Carlos E. Lehder # 06461-018

By: Carlos E. Lehder
    # 06461-018
    320 First St.  N.W.
    Room # 524
    Washington DC.  20530