UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARLOS ENRIQUE LEHDER RIVAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 07-1733 (RWR) |
| ) | |
| HARLEY G. LAPPIN, *et al.*, ) | |
| ) | |
| Respondents. ) | |

MEMORANDUM OPINION

This matter is before the Court on petitioner's Petition for Writ of Habeas Corpus and the Government's Motion to Transfer Petitioner's Petition for Writ of Habeas Corpus and Complaint for Injunctive, Declaratory, and Other Relief. The Court will transfer this action to the United States Court of Appeals for the Eleventh Circuit.

Petitioner represents that he was extradited from Colombia to the United States in 1987 pursuant to the Treaty of Extradition Between the United States of America and the Republic of Columbia, U.S. – Colom., Sept. 14, 1979, S. Treaty Doc. No. 97-8. Pet.'s Incorp'd Supportive Mem. ("Pet.'s Mem.") ¶¶ 4-5 & Ex. #02 (Treaty). He further represents that the United States and Colombia amended the treaty in 1989 by "limiting to a maximum of thirty (30) years, any sentence to be imposed to an extradited Colombian national." *Id.* ¶ 6.

A grand jury indictment charged petitioner and other individuals "with importation, possession and intent to distribute cocaine, plus violation of 21 U.S.C. CCE § 848." Pet.'s Mem. ¶ 10 & Ex. #06 (Indictment). In the United States District Court for the Middle District of

1

Florida, petitioner was tried by jury and convicted on all counts of the indictment. *See id.* He "was sentenced to life imprisonment without parole on Count 11 to be served consecutively with 120 years on the remaining ten counts." *United States v. Lehder-Rivas*, 955 F.2d 1510, 1514 (11th Cir.) (affirming convictions), *cert. denied sub nom. Reed v. United States*, 506 U.S. 924 (1992).

According to petitioner, he "entered into a written and oral Multi-District cooperation agreement with the United States Government" in August 1991 pursuant to which he assisted the government and testified "in federal [c]ourt case United States [v.] Manuel A. Noriega et al., #88-79-CR-HOEVELER. Pet.'s Mem. ¶ 11 (emphasis in original). In exchange for his cooperation, "[t]he Government . . . recommended [to] the Court – Jacksonville, Florida – to reduce [petitioner's] LIFE sentence to a sentence which will not exceed the limitations established by the Extradition Treaty's **subsequent 1989 agreement between both nations, of thirty (30) years**." *Id.* (capitalization and bold type in original). Petitioner stated that, in violation of the terms of the 1991 agreement, the government recommended and the sentencing court granted a sentence reduction "to a term of FIFTY FIVE (55) YEARS, so he would only be release[d] from prison in year 2024, at the age of SEVENTY FOUR (74) years old." *Id.* ¶ 12 (capitalization in original) & Ex. #07 (Order on [Petitioner's] Motion for Reduction of Sentence).

Petitioner alleges that he is entitled to the retroactive application of the Treaty, as modified in 1989, such that his sentence cannot exceed 30 years' imprisonment. *See* Pet.'s Mem. ¶¶ 36-38, 41. For this reason, he asserts that the 55-year term of imprisonment to which he was resentenced violates the Treaty of Extradition Between the United States of America and the Republic of Columbia because it exceeds the maximum sentence of 30 years that may be

imposed on an individual extradited to the United States from Colombia.  *See id*. ¶¶ 6-9.  In addition, petitioner alleges that the government's recommendation to reduce his sentence to 55 years' imprisonment, rather than to 30 years' imprisonment, violates the terms of the 1991 cooperation agreement.  *See id.* ¶¶ 26-29, 48.  He states that he "finished serving the 30 year, statutory maximum sentence permissible under the Treaty, supported by the cooperation agreement," on March 22, 2007.  *Id.* ¶ 13.  In this action, "[p]etitioner is not challenging his conviction, only the illegal length of his sentence."  *Id*. ¶ 1.

Respondents argue that the claims set forth in the petition are, "in effect, a successive motion under 28 U.S.C. § 2255" to vacate, set aside, or correct his sentence.  Government's Motion to Transfer Petitioner's Petition for Writ of Habeas Corpus and Complaint for Injunctive, Declaratory, and Other Relief ("Resp't Mot.") at 2.  They demonstrate that petitioner has filed three motions for post-conviction relief pursuant to 28 U.S.C. § 2255 in the United States District Court for the Middle District of Florida and that each was denied.  *See id.*, Ex. A-C.  In addition, respondents demonstrate that a prior application to the United States Court of Appeals for the Eleventh Circuit for an order authorizing the Middle District of Florida to consider a second or successive motion to vacate, set aside, or correct his sentence was denied.  *See id.*, Ex. D.  For these reasons, they move to transfer this matter to the United States Court of Appeals for the Eleventh Circuit.  *See id.* at 6-7.

Petitioner objects to the transfer of this action and asserts that he "in no way is seeking to file a 2255 motion."  Motion in Response, Opposing Respondent's M[o]tion  to Tran[s]fer Patino [sic] for a Writ of Habeas Corpus ¶ 1.  He maintains that he is challenging neither his conviction nor the 30-year sentence already served, and instead challenges "only the execution of any

3

sentence over 30 years." *Id.* An attack on the execution of a sentence properly is raised in a petition filed pursuant to 28 U.S.C. § 2241. *See, e.g., In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (federal prisoner's challenge to parole revocation proceedings is properly brought under § 2241); *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 808-09 (D.C. Cir. 1988) (en banc) (prisoner serving aggregated federal and District of Columbia sentences challenging parole eligibility date must bring claim in habeas under § 2241).

In this case, however, the only reasonable interpretation of the petition is as a challenge to the sentence itself. Petitioner argues that the 55-year sentence imposed by the United States District Court for the Middle District of Florida exceeds the maximum sentence authorized by law. Section 2255 authorizes the sentencing court to discharge or resentence a prisoner if the court concludes that the sentence was in excess of the maximum authorized by law or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255.

Because petitioner already has filed more than one motion under § 2255, he must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).[1] Accordingly, the Court will grant respondents' motion to transfer this action under 28 U.S.C. § 1631 to the United States Court of Appeals for the Eleventh Circuit. Petitioner's motion for appointment of counsel will be denied without prejudice.

---

[1] The remedy under Section 2255 is not inadequate or ineffective simply because such relief already has been denied or because a petitioner already has been denied permission to file a second or successive Section 2255 motion. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam) (collecting cases).

A Transfer Order accompanies this Memorandum Opinion.

Signed this 17TH day of June, 2008.

                                            /s/
                                  RICHARD W. ROBERTS
                                  United States District Judge